ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
1 tThis disciplinary matter arises from a motion and rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Clarence T. Nalls, Jr., an attorney licensed to practice law in Louisiana, for his violation of additional Rules of Professional Conduct while on court-ordered probation imposed in In re: Nalls, 06-0257 (La.4/17/06), 926 So.2d 491 (“Nalls I”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in Nalls I established that respondent knowingly filed a frivolous law *698 suit and subsequent frivolous appeal in the federal court system on behalf of a client. Prior to the institution of formal charges, respondent and the ODC submitted a joint petition for consent discipline, suggesting that respondent be suspended for one year and one day, fully deferred, subject to his successful completion of a two-year period of probation with conditions. We accepted the petition for consent discipline on April 17, 2006. On October 4, 2006, the adjudicative committee of the disciplinary board appointed attorney Michael D. Brown to serve as respondent’s probation monitor.[1] Mr. Brown filed an executed probation plan with the ODC on October 18, 2006, which plan provided that the period of probation would commence on October 1, 2006.
|2In October 2007, the ODC commenced an investigation into allegations that respondent failed to turn over an original will to counsel for the named executor of the will. The underlying facts of the allegations are as follows:
Samie Williams, Sr. (“Senior”) died on July 14, 2007. Senior’s son, Samie Williams, Jr. (“Junior”), hired respondent to represent him in his father’s succession. Respondent opened succession proceedings on behalf of Junior in the matter captioned Succession of Samie Williams, Sr., No. 86687 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. By court order dated July 25, 2007, respondent was granted permission to search for a testament. On August 3, 2007, respondent searched Senior’s safe deposit box and found his last will and testament. In the will, Senior named his brother, Henry Williams (“Henry”), as executor. Senior’s will also provided that the entire estate was to be placed in a trust with Henry as trustee and Junior as income beneficiary.
Henry requested that respondent turn the will over to him, but respondent would not do so. On August 15, 2007, Henry’s attorney, David L. Dawson, Jr., faxed a letter to respondent requesting the will. On August 16, 2007, respondent filed the original will in Senior’s succession proceeding in conjunction with a petition for possession. In the petition, respondent requested that the court place his client, Junior, into possession of the entire estate without Henry being appointed either trustee or executor.
Meanwhile, Mr. Dawson had opened a separate succession proceeding on behalf of Henry in the matter captioned Succession of Samie Williams, Sr., No. 86814 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. On August 21, 2007, Mr. Dawson filed a motion and order requesting that respondent be compelled to turn the original will over to him so it could be probated. In a September 4, 2007 letter to Mr. Dawson, respondent did not inform him that the 13original will had already been filed with the court. Instead, he claimed that Mr. Dawson “had no documents showing Henry Williams has been appointed as executor.” He further claimed that Junior did not want Henry to be executor and the estate did not need an executor. In his answer to the motion, filed October 4, 2007, respondent finally indicated that the original will was filed into the 86687 proceedings. In a judgment rendered November 9, 2007, the trial court authorized Henry to remove the will from the 86687 proceedings and file same into the 86814 proceedings. The judge also ordered re *699 spondent to pay Henry $500 in attorney’s fees for having to bring the motion.
In December 2007, respondent filed a notice of appeal with the trial court. However, respondent has neither perfected his appeal nor paid the ordered sanction.
DISCIPLINARY PROCEEDINGS

Motion and Rule to Revoke Probation

On August 25, 2008, the ODC filed a motion and rule to revoke respondent’s probation.[2] The ODC premised its motion and rule on respondent’s violation of Rules 3.4(a) (unlawfully obstructing another party’s access to evidence) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred one year and one day suspension.
This matter then proceeded to a hearing before an adjudicative panel of the disciplinary board. The ODC submitted documentary evidence in support of its case. ^Additionally, several witnesses were called to testify before the panel, including Henry, Mr. Dawson, Junior, and respondent.

Disciplinary Board Recommendation

After considering the evidence and testimony presented, the board found that respondent knowingly, if not intentionally, obstructed Mr. Dawson’s access to the original will. The board found the testimony of Mr. Dawson and Henry to be credible. The board also found that respondent offered inconsistent testimony regarding whether Henry requested the original will when he met with respondent before August 15, 2007. Thus, the board determined that the testimony and evidence clearly indicates respondent knew Henry and Mr. Dawson were seeking the original will before he filed it into the suit record on August 16, 2007. Respondent’s actions forced Mr. Dawson to file a motion compelling respondent to produce the original will, which delayed the matter and caused additional expense.
Furthermore, the board found that respondent knowingly, if not intentionally, mis-characterized the contents of the will in the pleadings he filed. Despite the clear wording of the will, respondent petitioned the court to place Junior into possession of the entire estate without Henry being appointed either trustee or executor. Respondent attempted to bypass the explicit provisions of the will simply because Junior did not want his uncle to be in charge of the estate or in control of the estate’s assets. Respondent’s explanation that he did not believe the will required a trust or that the estate required an administration is not supported by case law or statute. Respondent also did not notify Henry or Mr. Dawson of what he was attempting. The board felt that respondent could not have filed his pleadings in good faith without mentioning the trust established by the will and noted that, when pressured by the | aboard panel members, respondent admitted that his pleadings may have contained mis-characteriza-tions.
Finally, the board found that respondent intentionally disrupted the system of justice by his delaying and deceptive actions.
Based on the above findings, the board concluded that respondent violated Rules 3.4(a), 3.4(c) (knowing disobedience of an *700 obligation under the rules of a tribunal), and 8.4(d) of the Rules of Professional Conduct while on probation, which warrants the revocation of his probation. Accordingly, the board recommended that respondent’s probation be revoked and that he be suspended from the practice of law for one year and one day.
Respondent filed an objection to the disciplinary board’s recommendation and requested oral argument. The court denied respondent’s motion for oral argument but permitted the filing of briefs in the matter. Both respondent and the ODC filed briefs.
DISCUSSION
A review of the record reveals that respondent obstructed Henry and Mr. Dawson’s access to the original will and mis-eharacterized the will in pleadings filed with the 19th Judicial District Court, causing delay and disruption of the succession proceedings. These facts support the disciplinary board’s conclusion that the revocation of respondent’s probation and imposition of the deferred one year and one day suspension is warranted.
Therefore, we will revoke respondent’s probation and make the previously deferred one year and one day suspension executory.
| ¿DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one year and one day suspension imposed in In re: Nalls, 06-0257 (La.4/17/06), 926 So.2d 491, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, Clarence T. Nalls, Jr., Louisiana Bar Roll number 1500, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The board originally appointed attorney Lisa Lee to serve as respondent’s probation monitor on May 9, 2006.

. Initially, the ODC filed a motion and rule to revoke respondent's probation on June 2, 2008 but withdrew same in order to allow the parties an opportunity to resolve the issue without the necessity of a hearing. However, the parties were unable to reach an agreeable resolution, and the ODC refiled the motion and rule.